# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLUMECOCOMO APPAREL, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STARDUST INTERNATIONAL CORP., a California Corporation; MACY'S, INC., an Ohio Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  CV11-06697 DMG (VBKx)<br><br>*Assigned for all discovery matters to the Honorable Victor B. Kenton*<br><br>**ORDER GRANTING PARTIES' STIPULATION FOR PROTECTIVE ORDER**<br><br>Date Action Filed: August 15, 2011<br>Trial Date:           September 25, 2012 |

**[PROPOSED] ORDER GRANTING PARTIES' STIPULATION FOR PROTECTIVE ORDER**

Upon stipulation of the parties for a protection order pursuant to Fed. R. Civ. P. 26(c) governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION"),

**IT IS HEREBY ORDERED THAT:**

**1.  INITIAL DESIGNATION.**

1.1  **Confidential Information**.  In connection with discovery in this action, the parties may designate materials, including electronic files, documents, things, testimony, as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (collectively hereinafter, "CONFIDENTIAL INFORMATION") under the terms of this Protective Order ("Order").  Confidential information is information that has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers and suppliers, inventories, blueprints, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation or to the organization from which the information was obtained, and, to the extent not already encompassed in the preceding definition, trade secrets as  defined in California Civil Code § 3426.1.  By designating a document, thing, material, testimony or other information derived therefrom as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rules of Civil Procedure 26(g).  Material designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the Order, the information contained therein, and any documents derived in

whole or in part from material designated as CONFIDENTIAL INFORMATION ("CONFIDENTIAL MATERIAL") shall only be used for the prosecution, defense or settlement of this action, and for no other purpose.

  1.2 **Produced Documents.** A party producing documents that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label designating such material CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.  As used herein, the term "documents" includes all writings or other media on which information is recorded and other electronic files and tangible things subject to production under the *Federal Rules of Civil Procedure.*

  1.3 **Interrogatory Answers.** If a party answering an interrogatory believes in good faith under the criteria set forth in Paragraph 1.1 above that its answer contains CONFIDENTIAL INFORMATION, it shall set forth its answer in a separate document that is produced and designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY in the same manner as a produced document under subparagraph 1.2.  The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

  1.4 **Inspections of Documents.** In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection.  For purposes of such inspection, all materials produced shall be considered as CONFIDENTIAL INFORMATION unless the Parties agree otherwise.  If the inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.2 at the time the copies are produced or within ten (10) days after the producing party is provided with copies of said documents.

  1.5 **Deposition Transcripts.** Portions of testimony taken at a deposition or conference and any corresponding exhibits may be designated as CONFIDENTIAL or

CONFIDENTIAL-ATTORNEYS' EYES ONLY by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY and label such portions appropriately.

1.6  **Multi-page Documents.**  A party may designate all pages of an integrated, multi-page document, including a deposition transcript, interrogatory answers and responses to document requests, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.1 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multi-page document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.1 on each page of the document containing CONFIDENTIAL INFORMATION.

1.7  **Attorneys' Eyes Only Material.**  As stated above, the parties may designate discovery material or testimony of a highly confidential and/or proprietary nature as ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS' EYES ONLY ("Attorneys' Eyes Only Material"), in the manner described in paragraph 1 above. Attorneys' Eyes Only Material, and the information contained therein, may be disclosed only to the following: (i) the Court, pursuant to paragraph 3.5 hereof; (ii) mediators or arbitrators agreed upon by the parties; (iii) outside counsel for any party (and their staff); or (iv) other "qualified persons" listed in subparagraphs 3.1 herein.  Individuals within categories (iii) to (iv) shall pre-agree to be bound by the terms of the Protective Order. Attorneys' Eyes Only Material shall not be disclosed to any party or to any officer, in-house counsel, director or employee of any party unless agreed in writing by the parties or ordered by the Court.  ATTORNEYS' EYES ONLY and CONFIDENTIAL information shall collectively be referred to as Designated Material.

1.8  **Later Designations.**  A party may also designate information disclosed at a

deposition as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY by notifying all parties in writing, within twenty-one (21) days of receipt of the transcript, of the specific pages and lines designated as such. Each party shall attach a copy of such written statement to the face of each transcript in its possession, custody or control. For twenty-one (21) days after receipt of the transcript, depositions shall be treated as ATTORNEYS' EYES ONLY, but after that period any portions not designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY may be disclosed.

2. **DESIGNATIONS BY ANOTHER PARTY.** For fourteen (14) days after receipt of documents from a third party, the documents shall be treated as ATTORNEYS' EYES ONLY, but after that period any portions not designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY may be disclosed. If a third party produces documents that any party reasonably believes should be protected under this Order, within fourteen (14) days of the production said party to this action shall advise all counsel of its designation of such documents as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY and shall affix the corresponding stamp on such documents. The third party shall be served with a copy of this Order with the Subpoena and such third party itself may designate documents or testimony as Confidential or Attorneys' Eyes Only as provided herein. All parties shall cooperate to effectuate affixing the necessary stamp.

3. **HANDLING PRIOR TO TRIAL.**

3.1 **Authorized Disclosures.** Discovery Material designated as CONFIDENTIAL or information derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the following persons:

a. The parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose;

b. Qualified persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

c. Consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraph 3.3 of this Order are complied

with prior to any disclosure of any Designated Material to such an expert or consultant;

    d.    The Court and the Court's staff pursuant to Paragraph 3.5 of this Order;

    e.    Attorneys for the parties to this litigation and/or the insurance carriers for the parties to the litigation, including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to counsel in this action, and/or claims representatives and/or claims adjustors, upon the condition that such Designated Documents not be used in policy issuance determinations and be immediately destroyed by the insurance carriers upon completion of the instant litigation;

    f.    Third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of either party to this action or for one having any interest adverse to either party to this action;

    g.    The author, addressees and recipients of the documents or any person who would have had access to such information by virtue of his /her employment; and,

    h.    Any other person as to whom the parties previously agree in writing.

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. There will be no disclosure of CONFIDENTIAL INFORMATION to any person who is a manufacturer competitor (or an employee of a manufacturer competitor) of a party. There will be no disclosure of CONFIDENTIAL INFORMATION to any distributor or supplier (or an employees of a distributor or supplier) of a party unless within 14 days of written notice by the party wishing disclosure, either the parties agree to the terms of disclosure or the party objecting to a proposed disclosure files a motion objecting to disclosure and the court orders otherwise.

    3.2    **AEO Disclosure.** Material or documents designated as ATTORNEYS' EYES ONLY may be shown to a "qualified person" listed in subparagraphs 3.1(b)

through (g).

3.3 **Procedure.** Except for persons described in Paragraph 3.1.d, 3.1.e or 3.1.f of this Order, all persons to whom Designated Material is disclosed or by whom Designated Material is used, including parties, non-parties, and their representatives, shall be informed of and agree to be bound by the terms of this Protective Order and shall take all necessary precautions to prevent any disclosure or use of Designated Material other than as authorized by this Order.

a. Prior to disclosing Designated Material to any person, other than persons described in Paragraph 3.1.d, 3.1.e or 3.1.f of this Order, the disclosing party shall obtain from such person a "Written Assurance" acknowledgement (Attachment "A"), that such person has reviewed a copy of this Order and any subsequent Protective Order issued by the Court, will comply with their terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Order and any subsequent Protective Order issued by the Court. In addition, prior to dissemination by a receiving party, or its counsel of record, of any Designated Material to any person, other than persons described in Paragraph 3.1d, 3.1.e or 3.1.f of this Order, the disseminating party shall obtain and maintain a copy of this acknowledgement evidencing that such person has executed the undertaking.

b. Individuals who are authorized to review Designated Material pursuant to this Stipulation shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing, except as expressly permitted by this Stipulation, unless authorized to do so by a further Order of this Court or as specifically required by law.

3.4 **Unauthorized Disclosures.** In the event of disclosure of material designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Material, other than as authorized in this Order, counsel for the party responsible for the disclosure shall notify all parties of all pertinent facts, and shall make every effort to prevent further disclosure, including retrieving disclosed materials and copies of such materials and

**[PROPOSED] ORDER GRANTING PARTIES' STIPULATION FOR PROTECTIVE ORDER**

having unauthorized persons to whom disclosure was made sign a "Written Assurance" acknowledgement (Attachment "A").  Upon written stipulation, in accordance with Local Rule 37, the Court may order such further and additional relief as it deems necessary and just.

3.5  **Court Filings** The parties acknowledge the procedures for filing under seal outlined by Local Rule 79-5.1.  If Confidential Material, including any portion of a deposition transcript designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY is included in any of the papers to be filed with the Court, the Confidential Material or any portions of the pleadings which contain Confidential Material shall be labeled "Confidential – Subject to Court Order," shall be lodged under seal, and shall be accompanied by a written application and proposed order to file the Confidential Material under seal to the judge to whom the papers are directed, until further order of the Court.  Each submission to be lodged under seal is to be filed on a document by document basis, allowing the Court the opportunity to determine whether the standard for filing material under seal has been satisfied.  The proposed order shall address both the sealing of the application and the order itself.  The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope, with the authority for the under-seal filings, if authorized by statute or rule, appearing on the title page of the proposed filing Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5.  A Notice of Manual Filing shall be electronically filed identifying materials being manually filed.  The parties agree that exhibits provided to any jury empanelled in this proceeding shall be provided without the CONFIDENTIAL or ATTORNEYS' EYES ONLY stamp.

4.  **HANDLING DURING TRIAL.**  CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY which is subject to this order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party.

5. **HANDLING AFTER TRIAL.** This Order shall survive the final termination of this action and shall protect all retained materials that have remained confidential through final termination of the case. Upon final termination of this case, counsel for the parties may each retain one copy of the pleadings, transcripts of any hearings or trials, transcripts of depositions, and exhibits from any hearings, trials or depositions. Counsel shall destroy or assemble and return to each other materials designated as confidential and all copies or summaries thereof.

6. **RESTRICTIONS.** Nothing herein shall impose any restriction on the use or disclosure by a party of material: (1) obtained lawfully by a party hereto other than through discovery in this action, from a person who, to the best of such party's knowledge, was not at the time such materials were obtained by such party under a duty (contractual or otherwise) to maintain such materials in confidence; (2) that is public knowledge or became public knowledge after disclosure under this Order (other than through an act or omission or a person receiving material under this Order).

7. **OTHER REQUESTS.** The Order shall be without prejudice to the right of any party: (i) to request re-designation of material as Confidential, Attorneys' Eyes Only, or neither, or both; (ii) upon written stipulation, in accordance with Local Rule 37, to request the Court's ruling on whether a document or information is Confidential or Attorneys' Eyes Only Material, or whether its use should be restricted; (iii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any document or information, including restrictions differing from those specified herein. The Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

8. **CUSTODY.** Recipients of material under this Order shall maintain such material secured and shall exercise the same standard of care with respect to storage, custody, use and dissemination of the material as they exercise for their own proprietary information, but in no event shall the standard be less than that of a reasonable person.

This order shall be binding on the parties when signed regardless of whether and

1 | when this Court endorses this Order.
2 | **IT IS SO ORDERED.**

5 | Dated: February 28, 2012       By: _____/s/_____
6 |                                         Honorable Victor B. Kenton
7 |                                         United States Magistrate Judge

EXHIBIT A

WRITTEN ASSURANCE

I, _____ (print name), reside at _____, in the City of _____, _____. I am employed by and/or affiliated with _____, with a business address of _____, in the City of _____, _____. I have read and understand the Stipulated Protective Order filed in the case of *Volumecocomo Apparel, Inc. v. Stardust International Corp., et al.,* United States District Court Case CV11-06697 DMG (VBKx). I agree to comply with and be bound by the provisions of the Stipulated Protective Order.

Executed at _____, _____ (insert city and state), this \_\_\_\_\_ day of _____, 201\_\_.

_____
Signature

-11-
[PROPOSED] ORDER GRANTING PARTIES' STIPULATION FOR PROTECTIVE ORDER